IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **TONY DEWAYNE MCQUEEN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08CV347 |
| | ) | |
| **THEODIS BECK,** | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Tony Dewayne McQueen is currently a prisoner in federal custody who is serving a combined sentence of 138 months of imprisonment for his convictions on a drug trafficking charge and a firearm charge as reflected in the judgment in *United States v. McQueen*, 1:03CR269, Docket No. 20 (M.D.N.C. Dec. 23, 2003). Following his conviction and sentencing on those charges in this Court, Petitioner was prosecuted for other crimes in state court. On March 21, 2005, in the Superior Court of Guilford County, Petitioner pled guilty to six counts of robbery with a dangerous weapon, two counts of first-degree burglary, one count of cruelty to animals, two counts of second-degree kidnaping, and one count of conspiracy to commit robbery with a dangerous weapon in cases 02 CRS 080332, -334, -505 and -506, 03 CRS 73248 and -249, and -75830 and -831. Petitioner was sentenced to 94 to 122 months of imprisonment, and then returned to federal custody. Respondent indicates that, so far as he knows, Petitioner's state sentence and federal sentence are running at the

same time. The North Carolina Department of Correction did file a detainer seeking to have Petitioner returned to state custody if any time remains on his state sentence once his federal sentence expires.

Petitioner did not seek any state review of his state court conviction and sentence. Instead, he submitted a habeas petition to this Court which was dated as of April 17, 2008 and received by the Court on April 21, 2008. That petition was dismissed without prejudice based on several deficiencies. Petitioner then filed the current petition which was dated May 19, 2008 and received on May 22, 2008. Respondent (the "State") has filed a motion to dismiss the petition (Docket No. 4), and the motion is ready for ruling.

## Claims of the Petition

In his petition, Petitioner McQueen contends that his guilty plea was "unlawfully induced or not made voluntarily with [the] understanding of the nature of the charge and consequences of the plea." (Docket No. 2 at 6.) He also complains that, at the time he pled guilty in this Court, he believed that his state charges had been disposed of permanently.

## Discussion

As a threshold defense, the State contends that the habeas petition of Tony McQueen should be dismissed as time-barred under the one-year statute of limitations applicable to habeas actions. *See* 28 U.S.C. § 2244(d). For reasons set forth below, the Court concludes that the State's argument is well-taken, and that this action should be dismissed pursuant to section 2244(d).

-2-

Petitioner McQueen's federal habeas petition was due within one year after the date that his state-court conviction became final. In this case, because Petitioner pled guilty, his conviction became final on or about March 21, 2005, when his judgment of commitment was entered. *See generally United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Thereafter, Petitioner had one year, or until March 21, 2006, to file a § 2254 petition in this Court. In fact, he did not date his initial petition until April 17, 2008, over two years late.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, Petitioner has not shown tolling under this section because he cannot show that he made any application for State post-conviction review. In fact, Petitioner has produced no explanation for his late filing. Despite being asked on the habeas petition form to explain the late filing, he wrote "N/A" in the space provided. (Docket No. 2 at 14.) In response to the State's motion to dismiss, he has submitted five pages of generic law and citations regarding § 2244(d) generally. (Docket No. 7.) None of it has anything to do with this case specifically or shows that his petition is timely. His petition is clearly time-barred.

-3-

Case 1:08-cv-00347-JAB-PTS   Document 9   Filed 04/01/09   Page 3 of 4

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that the State's motion to dismiss (Docket No. 4.) be granted and that the habeas corpus petition of Tony Dewayne McQueen be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: April 1, 2009